Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7327 | **DATE** | 7/27/2004 |
| **CASE TITLE** | | Bivens vs. Briley | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Petitioner's Motion for Leave to Conduct Discovery in Aid of His Habeas Petition [46-1]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Order. For the reasons stated in the attached memorandum opinion and order, petitioner's motion for leave to conduct discovery in aid of his habeas petition [46-1] is granted. The parties are ordered to appear for a status hearing at 9:30 a.m. on August 18, 2004, to set a schedule for discovery and discuss briefing on the issue of actual innocence.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | number of notices | |
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | date docketed | |
| X | Docketing to mail notices. | | | | 57 |
| | Mail AO 450 form. | | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | CLERK | | |
| RJ/KB | courtroom deputy's initials | 2004 JUL 28 PM 1:16 | | date mailed notice | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ARYULES BIVENS, U.S.A. ex rel.,   )
                                 )
              Petitioner,  )
                                 )
       v.                )     Case No. 00-C-7327
                                 )     Judge Joan B. Gottschall
KENNETH R. BRILEY,        )
                                 )
           Respondent. )

DOCKETED JUL 29 2004

## MEMORANDUM OPINION AND ORDER

Petitioner Aryules Bivens filed his petition for a writ of habeas corpus in this court contesting his incarceration at the Stateville Correctional Center in Joliet, Illinois, which is based on his allegedly willing participation in an escape from Cook County Jail in 1984. Bivens contends that he is actually innocent of the crimes for which he was convicted and asserts that his unlawful detention is the result of, *inter alia*, ineffective assistance of trial counsel. On August 1, 2002, this court held that Bivens's petition was timely under the rule articulated in *United States ex rel. Smith v. Walls*, 276 F.3d 340, 342 (7th Cir. 2002), and instructed respondent to answer or otherwise plead within 20 days. In response to the state's answer, which asserted that Bivens's claims were either procedurally defaulted or non-cognizable for purposes of federal habeas review, petitioner filed a motion to strike which was denied by the court in its order dated February 4, 2003. While the motion to strike was pending, petitioner filed the instant motion for leave to conduct discovery in order to obtain evidence in support of his habeas petition. For the reasons that follow, Bivens's motion is granted.



## I. BACKGROUND

Following a jury trial in Illinois state court Aryules Bivens was convicted of one count of escape, one count of possession of a stolen vehicle, ten counts of armed robbery, and five counts of unlawful restraint stemming from a successful escape attempt from the Cook County Jail on March 23, 1984. Five other detainees participated in the escape, Reginald Mahaffey, Jerry Mahaffey, Brian Daniels, Raymond Greer, and Gregory Hill. All of the escapees were apprehended, including Hill, who surrendered to a television news reporter, and all five pleaded guilty to the escape.

Bivens's defense at trial was that he was forced to cooperate and escape with the others because of his knowledge of the tunnel system within the jail. He claimed that he was forced at gunpoint to participate, and that he feared reprisal from the other escapees if he did not cooperate with them and from the prison guards if he stayed behind. The jury convicted Bivens of all counts without hearing testimony from any of the other escapees, none of whom were called by the defense to testify at trial. Save for possession of a stolen vehicle, all of Bivens's convictions were upheld on direct appeal.

Bivens's first collateral attack on his convictions in the Illinois state courts concluded unsuccessfully in October of 1998. In denying Bivens's motion for relief, the appellate court found that Bivens had waived his claim of ineffective assistance of counsel by failing to raise it in his direct appeal. Bivens then mounted a second collateral attack in the state courts, which was deemed improperly successive by the Illinois Court of Appeals, and he was denied leave to appeal to the Illinois Supreme

Court in December of 1999. This habeas petition, brought pursuant to 28 U.S.C. § 2254, followed in November of 2000.

In his petition Bivens advances five grounds to support his claim that he is being unlawfully held. His first and third contentions are that he was denied effective assistance of trial counsel because his lawyer failed to adequately investigate his case, resulting in his failure to call exculpatory witnesses such as the other detainees who planned and participated in the escape. His second contention is that the trial court erred by refusing to instruct the jury on his necessity defense, and his fourth and fifth contentions relate to the treatment and prosecution of his post-conviction requests for relief.

Bivens supports his petition by attaching his own affidavit attesting to his innocence of the crimes charged and the affidavits of Daniels and Greer. Daniels admits in his affidavit that he orchestrated and led the escape, engaged Bivens in the escape because Daniels needed help from other detainees to carry out his plan, and forced Bivens at gunpoint to put on the uniform of a Cook County Correctional Officer to facilitate the escape. Daniels also states that Bivens "just happen[ed] to be in the wrong place at the wrong time." Greer avers that Bivens was forced at gunpoint to participate because of his knowledge of the jail's tunnels and because Bivens's allotted time out of his cell corresponded to the time of the planned escape. Greer offers further that "at no time did Aryules Bivens threaten, harm, or endanger the lives of any Cook County staff on the night of this escape."

3

On the basis of this evidence, Bivens seeks permission of the court, pursuant to Rule 6 of the court rules governing habeas corpus petitions, to conduct additional discovery. Specifically, Bivens requests leave to subpoena the production of: (1) certain investigatory reports relating to the escape; (2) certain disciplinary and parole records concerning the other detainees who participated in the escape; (3) the written confession of Greer; and (4) the television taped interview of Hill upon his surrender. Additionally, Bivens seeks to depose Daniels, Hill, and Greer, as well as Gary Ravitz, Bivens's trial counsel. Finally, Bivens wishes to inspect, either *in camera* or through his counsel, the State's files relating to Bivens's escape trial, as well as the State's files relating to the escape convictions of Jerry Mahaffey, Daniels, Hill, and Greer. Bivens argues that these documents, files, and individuals may provide key facts which, if developed, would allow him to demonstrate that he is entitled to relief on his habeas petition.

Respondent objects to the discovery motion, arguing first that Bivens's ineffective assistance of counsel claim is procedurally defaulted on the independent and adequate state ground of waiver. Respondent next argues that, although Bivens has asserted a claim of actual innocence that could serve as a gateway for having his procedurally defaulted claim reviewed on the merits, the innocence claim is defective as a matter of law because it is based on the legal defense of necessity and not factual innocence. Finally, respondent insists that even if the court were to reach the merits of Bivens's actual innocence claim, it must fail because Bivens has not "demonstrated innocence" convincingly enough to proceed any further with his habeas petition.

4

## II. DISCUSSION

### A. *Procedural Default of Ineffective Assistance of Counsel Claim*

Respondent argues that this court should deny Bivens's request for discovery because it is premised on claim of ineffective assistance of counsel that has been procedurally defaulted in the Illinois state courts. In rejecting Bivens's first collateral attack, the appellate court found that he had waived his ineffective assistance of counsel claim by not raising it on direct appeal. Under Illinois law, waiver "operates as an adequate and independent state ground for barring federal habeas review of [Bivens's] ineffective assistance of counsel claim." *Gomez v. Jaimet*, 350 F.3d 673, 678 (7th Cir. 2003). *See also People v. Enoch*, 122 Ill. 2d 176, 186 (1988). Thus, a federal court entertaining a habeas petition cannot reach the merits of a procedurally defaulted claim unless the petitioner demonstrates either (1) cause for and actual prejudice from failing to raise the claim properly, or (2) that enforcing the default would result in a "fundamental miscarriage of justice." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Gomez*, 350 F.3d at 679.

Here, Bivens does not argue cause and prejudice, but instead asserts that this court must ignore the procedural default of his ineffective assistance of counsel claim because he is actually innocent. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995) (stating that the fundamental miscarriage of justice exception applies only where "a constitutional violation has probably resulted in the conviction of one who is actually innocent"). To state a colorable claim of actual innocence, a petitioner must offer "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy

5

eyewitness accounts, or critical physical evidence – that was not presented at trial," *id.* at 324, and also establish that "it was more likely than not that no reasonable juror would have convicted him in light of the new evidence," *id.* at 327.

In this case Bivens presents new reliable evidence concerning his innocence in the form of affidavits from Daniels and Greer. As described above, Daniels avers that he and Hill were the plan's masterminds, and that Bivens took no part in planning the escape. Daniels also states that he forced Bivens to participate because he and Hill needed accomplices, and that he forced Bivens at gunpoint to put on the uniform of a correctional officer at some point during the escape. According to Daniels, Bivens was just in the wrong place at the wrong time. Similarly, Greer states that Bivens was forced to escape at gunpoint and that he was under threat of death to participate in the plan. Greer explains that Bivens was recruited for his knowledge of the Cook County tunnel system and because the time Bivens was permitted to be out of his cell corresponded to the time of the planned escape. Greer further avers that Bivens never possessed any weapons on the night of the escape and never threatened, harmed, or endangered the lives of any Cook County Jail staff on the night of the escape.

None of this exculpatory information was presented at trial, as Bivens's lawyer allegedly failed to investigate, interview, or procure testimony from any of the other five escapees. Unlike in *Gomez*, where the new evidence introduced in the habeas petition did not actually prove the petitioner's theory of innocence, the new evidence presented in this case directly support's Bivens's theory of innocence at trial – that he acted out of compulsion and necessity in participating in the escape. Had the jury

6

heard this evidence at trial, it is more likely than not that they would not have convicted Bivens. The court therefore believes that the evidence, which was never presented to the trier of fact, is strong enough to establish Bivens's innocence for the purpose of overcoming the procedural default and reaching the merits of his constitutional claims.[1]

## B. Rule 6 Discovery

The rule governing discovery in habeas corpus cases is Rule 6(a), which provides:

> A party shall be entitled to invoke the processes of discovery
> available under the Federal Rules of Civil Procedure if, and
> to the extent that, the judge in the exercise of his discretion
> and for good cause grants leave to do so.

To determine whether Bivens is entitled to discovery, the court must identify the "essential elements" of Bivens's constitutional claim and find "good cause" for the discovery. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). The first step is easily satisfied here, for Bivens's assertion of actual innocence is based on the constitutional claim of ineffective assistance of counsel. The essential elements of an ineffective assistance

---

[1] Respondent argues that Bivens cannot overcome the procedural default because his innocence claim is based on the affirmative defense of legal and not factual innocence. The Seventh Circuit has not addressed this distinction in the context of the necessity defense, but has suggested that the affirmative defense of insanity could be used to support a claim of actual innocence. *See Britz v. Cowan*, 192 F.3d 1101, 1103 (7th Cir. 1999). *Accord Jaramillo v. Stewart*, 340 F.3d 877, 883 (9th Cir. 2003) (evidence of self-defense considered to support actual innocence claim); *Finley v. Johnson*, 243 F.3d 215, 220-21 (5th Cir. 2001) (evidence of necessity considered to support actual innocence claim). *But see Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000) (evidence of affirmative defenses not considered to support actual innocence claim). The defense of compulsion or necessity is similar enough to insanity that this court will follow the lead of *Britz* until a more definitive ruling on the issue is handed down.

of counsel claim are (1) that the trial attorney's representation fell below an objective standard of reasonableness, and (2) that but for the attorney's errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 688-89 (1984). It is not necessary for Bivens to prove these elements at this time, but only to show that discovery is necessary to uncover facts that would establish the claim.

With respect to the second step, good cause for discovery exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908-909 (quoting *Harris v. Nelson*, 394 U.S. 286, 299 (1969)). When the possibility of such factual demonstration exists "it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Bracy*, 520 U.S. at 908-09. The language of Rule 6(a) makes it clear that the scope and extent of such discovery is a matter left to the discretion of the trial court. *Id.* at 909.

It appears in this case that Bivens can satisfy the good cause requirement for discovery. Bivens has produced affidavits from two of the five other escapees which provide evidence that Bivens unwillingly participated in the escape, that he did not engage in the planning of the escape, and that he was forced at gunpoint to participate. In his request for discovery Bivens seeks review of all investigatory reports relating to the escape created and/or maintained by the Chicago Police Department, Cook County Sheriff's Office, Illinois Department of Corrections, and the Federal Bureau of Investigation. Bivens also seeks discovery of the Illinois Prisoner Review Board's records, the Department of Correction's disciplinary records, and any or all parole or

8

mandatory supervised release records of all five of the other escapees. Further, Bivens seeks to depose the other detainees and his trial counsel.

Evidence obtained from these records and the testimony of critical witnesses – none of which was presented at his trial or during post-conviction proceedings – could by itself show that Bivens's role in the escape was one of necessity and could also lead to other exculpatory evidence proving Bivens's innocence of the crimes of which he was convicted. The court believes that the materials and testimony requested in Bivens's discovery motion are essential to his efforts to prove his innocence and the constitutional violation – ineffective assistance of counsel – that caused his wrongful conviction and incarceration. *See, e.g., United States ex rel. Brisbon v. Gilmore*, No. 95 C 5033, 1997 U.S. Dist. LEXIS 8314, at * 6-8 (N.D. Ill. June 5, 1997); *United States ex rel. Pecoraro v. Page*, No. 97 C 5361, U.S. Dist. LEXIS 15746 (N.D. Ill. Sep. 21, 1998). Thus, the court concludes that Bivens has shown good cause for discovery in aid of his habeas petition.[2]

### III. CONCLUSION

Petitioner Aryules Bivens has established good cause for invoking the processes of discovery available under the Federal Rules of Civil Procedure to obtain evidence in

---

[2] Respondent argues that even if the court rejects the procedural default argument and finds good cause for discovery, Bivens's request must be denied because he does not satisfy the requirements of 28 U.S.C. § 2254(e)(2), which governs requests for evidentiary hearings. *See Boyko v. Parke*, 259 F.3d 781, 790 (7th Cir. 2001). At this time, however, Bivens seeks only limited discovery and not an evidentiary hearing. Though discovery may in some cases be used to achieve the same end as an evidentiary hearing, *see Boyko*, 259 F.3d at 790, the court does not believe this is such a case.

support of his habeas corpus petition. Thus, petitioner's motion for leave to conduct discovery is granted.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: July 27, 2004